IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TERESA RICHARDSON, et al.,

    Plaintiff,

v.                                           Civil Action No: 1:13-21821

THE CHURCH OF GOD INTERNATIONAL,
et al.

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court are plaintiffs' motions for entry of default by the Clerk against defendants Pat Armstrong and David Harris (Doc. Nos. 35 and 36). Initially, these motions were filed pro se. After having retained counsel, plaintiffs filed a renewed motion for entry of default against Pat Armstrong (Doc. No. 47). For the reasons expressed herein, these motions are denied.

    Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default when a party "has failed to plead or otherwise defend" an action. Where these facts are apparent, entry of default by the Clerk becomes a formal matter. <u>Orange Theatre Corp. v. Rayherstz Amusement Corp.</u>, 130 F.2d 185 (3rd Cir. 1942). Rule 55(c) of the Federal Rule of Civil Procedure

provides for relief from both defaults and default judgments. It permits relief from defaults "for good cause shown," but requires that default judgments be set aside in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(c).

This provision clearly differentiates between relief from "entry of default" pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and "entry of default judgment" pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. A motion to set aside "entry of default" is subject to a less rigorous standard than that applied to a motion to set aside "entry of default judgment." Rasmussen v. Am. Nat. Red Cross, 155 F.R.D. 549, 550 (S.D.W. Va. 1994). The disposition of both types of motions, however, is a matter which lies largely within the discretion of the trial court. Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 251 (4th Cir. 1967).

With respect to David Harris, the Clerk never entered a default, and rightfully so. Harris was not properly served until February 11, 2014, making his responsive pleading due on March 4, 2014. Doc. No. 39. Harris timely filed a motion to dismiss on February 18, 2014. Doc. No. 43. As such, plaintiffs' motion for entry of default against David Harris (Doc. No. 36) is denied.

With respect to Pat Armstrong, the Clerk likewise did not enter a default.  A review of the record reveals that a default should have been entered.  Armstrong was served on January 9, 2014, making her responsive pleading due on January 30, 2014.  Doc. No. 16.  Armstrong failed to meet that deadline, and plaintiffs moved for entry of default on February 6, 2014.  Doc. No. 35.  Armstrong responded to this motion, attempting to explain her delay on February 7, 2014.  Doc. No. 37.  She filed an answer to the amended complaint on February 11, 2014, close to two weeks after the initial deadline.

The formality of entry of a default against Armstrong should have been followed.  Nonetheless, the court finds that even if the Clerk had entered a default against Armstrong under Rule 55(a), there would be good cause to set aside its entry.  Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."  Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).  The cases applying the rule express a clear preference for adjudication on the merits when possible.  Armstrong's slight tardiness did not prejudice plaintiffs.  And while the delay was certainly neglectful, it was not grossly so.  See id. at 130 ("[T]he shortness of the delay involved, the absence of gross neglect . . ., the lack of prejudice . . ., and the assertion of

3

what may be a meritorious defense" established an abuse of discretion to not set aside a default judgment).

For the reasons expressed above, the court DENIES plaintiffs' motion for entry of default by Clerk against Pat Armstrong (Doc. No. 35), DENIES plaintiffs' motion for entry of default by Clerk against David Harris (Doc. No. 36), and DENIES plaintiffs' renewed motion for entry of default by Clerk against Pat Armstrong (Doc. No. 47).

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 20th day of August, 2014.

                                            Enter:

                                            David A. Faber
                                            Senior United States District Judge