IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD


TERESA RICHARDSON, et al.,

       Plaintiffs,

v.                                    Civil Action No: 1:13-21821


THE CHURCH OF GOD INTERNATIONAL,
et al.

       Defendants.


<u>**MEMORANDUM OPINION AND ORDER**</u>

     Pending before the court are the motions to dismiss based
on the doctrines of res judicata and collateral estoppel filed
by a majority of the defendants individually in this matter
(Doc. Nos. 23, 27, 29, 33, and 43).  Plaintiffs filed a response
opposing the requested relief after having filed a motion for an
extension of time to respond (Doc. Nos. 51 and 55).  The motion
for extension of time to file a response (Doc. No. 51) is
GRANTED, and plaintiffs' response (Doc. No. 55) is deemed
timely.  For the reasons stated herein, the court grants the
moving defendants' motions to dismiss.

**I.   Background**

     On November 4, 2009, plaintiffs Harold Richardson and John
Stephens entered into a contract with defendants Gene Harris,

1

Terry Smith, and Lydge Burns, as trustees of defendant the
Pineville Church of God, to purchase property.  Doc. No. 5 at 4.
Plaintiffs engaged defendant Pat Armstrong to act as their real
estate agent.  Id.  Plaintiffs agreed to purchase the property
for the sum of $82,000, and the closing was to be held on or
before December 19, 2009.  Doc. No. 23 at 3.  Plaintiffs were
permitted to move into the home on the property prior to closing
for an agreed rent of $600 per month while they sought to secure
financing.  Id. at 4-5.  The planned closing never occurred and
plaintiffs continued to live on the property on a month-to-month
basis paying $600 per month in rent.

Eventually plaintiffs stopped paying rent, and the
Pineville Church of God filed an eviction proceeding against
Harold Richardson, Teresa Richardson, and John Stephens in the
Magistrate Court of Wyoming County on or about September 30,
2011.  The action was removed to the Circuit Court of Wyoming
County where plaintiffs (defendants at the time) filed a
counterclaim.  They asserted multiple claims including
retaliation, discrimination, health or safety violations, and
intentional infliction of emotional distress, all of which
allegedly resulted from their dealings with the defendants.
Doc. No. 33-1 at 4-7.

Judge Warren McGraw of the Wyoming County Circuit Court
held a bench trial on March 12, 2012.  Plaintiffs represented

themselves throughout the course of the state proceedings.  By
Final Order entered on March 22, 2013, Judge McGraw granted the
Pineville Church of God's motion for eviction and dismissed the
counterclaims brought by plaintiffs.  Doc. No. 33-1 at 1-3.  The
court found that plaintiffs breached the contract to purchase
real estate, and that they owed rent for the months of June 2011
through March 2012.  Id.  Plaintiffs were further ordered to
vacate the premises within 60 days.  Id.

     From the beginning of the transaction to purchase the
property through plaintiffs' ultimate eviction, plaintiffs
allege a multitude of nefarious, discriminatory, and illegal
actions on the part of the Pineville Church of God, its
trustees, its pastor, plaintiffs' own real estate agent Pat
Armstrong, Armstrong's alleged employer Zaferatos, Inc., and
Jerry and Kathy Zaferatos.  See Doc. No. 5 at 4-13.  These
alleged actions form the basis of the instant action.  On August
14, 2013, plaintiffs filed a complaint in this court against The
Church of God International.  Doc. No. 4.  On October 16, 2013,
plaintiffs filed an amended complaint, adding additional
defendants Pat Armstrong, Lydge Burns, David Harris, Gene
Harris, the Pineville Church of God, Roy Norman Gray, Terry
Smith, Wayne Wicker, Kathy Zaferatos, Jerry Zaferatos, and
Zaferatos, LLC.  (Doc. No. 5).  The amended complaint asserts
violations of civil rights laws, fraud, breach of contract, and

personal injury resulting from uninhabitable conditions, among
others.  Independently, defendants filed motions to dismiss, the
majority of which asserted the doctrines of res judicata and
collateral estoppel.[1]  Doc. Nos. 23, 27, 29, 33, and 43.

## II.  Governing Law

It is well settled that "[t]he Full faith and Credit Act,
28 U.S.C. § 1738, . . . requires the federal court to 'give the
same preclusive effect to a state-court judgment as another
court of that State would give'"  Exxon Mobil Corp. v. Saudi
Basic Undus. Corp., 544 U.S. 280, 293 (2005)(citing Parsons
Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986)).
As such, in determining what preclusive effect to give to the
West Virginia judgment in this matter, the court is bound by the
res judicata rules that a West Virginia court would apply.

In West Virginia, the doctrine of res judicata or claim
preclusion "generally applies when there is a final judgment on
the merits which precludes the parties or their privies from
relitigating issues that were decided or the issues that could
have been decided in the earlier action."  Beahm v. 7 Eleven,
Inc., 672 S.E.2d 598, 601-02 (W. Va. 2008)(quoting State v.
Miller, 459 S.E.2d 114, 120 (W. Va. 1995)).  The doctrine

---

[1] Defendants Kathy Zaferatos, Jerry Zaferatos, and Zaferatos, LLC
contend that they are improper parties and filed a motion to
dismiss under Rule 12(b)(6).  See Doc. No. 25.  This Memorandum
Opinion and Order does not address that motion.

"'protects [] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'"  Conley v. Spillers, 301 S.E.2d 216, 219 (W. Va. 1983)(quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)).  In Blake v. Charleston Area Med. Ctr., Inc., 498 S.E.2d 41 (W. Va. 1997) the West Virginia Supreme Court of Appeals established a three-part test for determining whether res judicata serves to preclude a claim.

> First, there must have been a final adjudication
> on the merits in the prior action by a court
> having jurisdiction of the proceedings.  Second,
> the two actions must involve either the same
> parties or persons in privity with those same
> parties.  Third, the cause of action identified
> for resolution in the subsequent proceeding
> either must be identical to the cause of action
> determined in the prior action or must be such
> that it could have been resolved, had it been
> presented, in the prior action.

Id. at 49.  Before a party can be denied access to federal courts because of the preclusive effect of a state court judgment, it must also be established that the party had a "full and fair opportunity" to litigate their claim in the state proceedings.  Allen v. McCurry, 449 U.S. 90, 95 (1980).

Finally, res judicata is an affirmative defense.  And "[a]lthough an affirmative defense such as res judicata may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint,' when entertaining a motion to dismiss on

5

the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Andrews v. Daw, 201 F.3d 521, 524 n. 1 (4th Cir. 2000)(internal citation omitted); see also Thomas v. Consolidation Coal Co. (Pocahontas Fuel Co. Div.), 380 F.2d 69, 75 (4th Cir. 1967)(rejecting contention that res judicata cannot properly be raised in the context of a motion to dismiss "as against the weight of authority.").

Several of the moving defendants also raise the related doctrine of collateral estoppel or issue preclusion.  Since claim preclusion principles are sufficient to dispose of the present motions, the court will confine its analysis to res judicata or claim preclusion.

**III. Analysis**

    **a. Final Adjudication on the Merits**

As to the first element, there was a final adjudication on the merits by a court having jurisdiction of the proceedings. By Final Order entered by Judge Warren McGraw of the Wyoming County Circuit Court, plaintiffs' counterclaims were dismissed. Doc. No. 27-1 at 2.  This order came after a full hearing on the matter in which the parties were permitted to call witnesses and produce evidence in support of their claims and counterclaims.

6

**b. Same Parties or Persons in Privity with those Parties**

Second, the state court action must involve either the same parties or persons in privity with those parties.  This element is primarily concerned with assuring fairness towards the party or parties against whom res judicata is raised.  "[T]he concept of privity with regard to the issue of claim preclusion is difficult to define precisely but the key consideration for its existence is the sharing of the same legal right by parties allegedly in privity, so as to ensure that the interests of the party against whom preclusion is asserted have been adequately represented."  West Virginia Human Rights Comm'n v. Esquire Grp., Inc., 618 S.E.2d 463, 469 (W. Va. 2005).  The Supreme Court of Appeals of West Virginia has utilized the doctrine of "virtual representation" whereby "'relitigation of any issue that [has] once been adequately tried by a person sharing a substantial identity of interests with a nonparty'" is precluded.  Beahm, 672 S.E.2d at 602 (quoting Galanos v. Nat'l Steel Corp., 358 S.E.2d 452, 454 (W. Va. 1987).  "[T]he privity concept is fairly elastic under West Virginia law, as elsewhere."  Gribben v. Kirk, 466 S.E.2d 147, 157 n. 21 (W. Va. 1995).

The plaintiffs in this matter – Teresa Richardson, Harold Richardson, and John Stephens – were all parties to the state court action.  See Doc. No. 27-1.  As defendants in the state

unlawful detainer action, they brought counterclaims against the Pineville Church of God.  As such, the primary concern of the privity requirement, protecting the interests of the parties against whom res judicata is raised, is met.

The only defendant in the present matter that was involved in the prior litigation was the Pineville Church of God.  Quite clearly then, it can satisfy the second element.  Furthermore, the remaining moving defendants are all in privity with the Pineville Church of God.  With respect to the trustee defendants - Gene Harris, David Harris, Lydge Burns, and Terry Smith - they are certainly in privity with the Pineville Church of God.  They are sued in their capacities as trustees for the Pineville Church of God.  The actions alleged against them were all performed in their roles as trustees.  "One relationship long held to fall within the concept of privity is that between a nonparty and a party who acts as the nonparty's representative." Rowe v. Grapevine Corp., 527 S.E.2d 814, 826 (W. Va. 1999)(quoting E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990)).  This can include a variety of representatives including "trustee actions." Rowe, 527 S.E.2d at 826.  The trustee defendants acted as the representatives of the Pineville Church of God.

Likewise, the remaining moving defendants, are in privity with the Pineville Church of God.  Defendant Roy Norman Gray is

a pastor at the church.  Doc. No. 5 at 3.  As such, he shares a substantial identity of interests with the Pineville Church of God.  As alleged by plaintiffs, "Defendant [Wayne] Wicker is an employee and Bishop of the Church of God, presiding over and responsible for Pineville and for the actions of Gray and the Trustees."  Id.  And finally, defendant The Church of God is the parent organization of the Pineville Church of God.  Plaintiffs allege that the Pineville Church of God operates "with the permission of and under the authority and direction of the Church of God."  Id. at 2.  Furthermore, all of the claims against the Church of God are based on the alleged actions of the individuals and entities involved in the subject real estate transaction.

Plaintiffs have not shown that the legal interests among the moving defendants are in any manner divergent.  Indeed, the moving defendants share a common interest of absolving the Pineville Church of God and those associated with the church of any fault.  Furthermore, the moving defendants could have been added to the state court case, and plaintiffs failed to do so.  Because the moving defendants are in privity with the Pineville Church of God, the second element has been satisfied.

### c. Identical Causes of Action

Finally, the causes of action against the moving defendants are identical to those in the counterclaim or they are such that

they could have been resolved had they been presented.  A cause
of action consists of "the fact or facts which establish or give
rise to a right of action."  Blake v. Charleston Area Med. Ctr.,
Inc., 498 S.E.2d 41, 48 (W. Va. 1997)(quoting White v. SWCC, 262
S.E.2d 752, 756 (W. Va. 1980)).  When the claims are not
identical, the "same evidence" test applies to determine
"whether two claims should be deemed to be the same for purposes
of claim preclusion."  Slider v. State Farm Mut. Auto Ins. Co.,
557 S.E.2d 883, 888 (W. Va. 2001).

There appears to be no dispute among the parties that the
counterclaims in the state case are virtually the same as the
causes of action in the instant matter.  In response to the
various motions to dismiss in this matter, plaintiffs never once
make the argument that the substance of the claims is different
nor that they would involve different evidence.  Indeed, in a
letter sent to Magistrate Judge VanDervort, plaintiff's counsel
stated that "if you look at the Richardsons' counterclaims in
their Wyoming county case filed years before we met, and their
claims in federal court, they are virtually the same, just
researched and polished a little better as you would expect for
federal court."  Doc. No. 50 at 4.  He added that plaintiffs
were pursuing "the admittedly very same claims."  Id.  A review
of the state case counterclaims and the claims raised in the
instant matter against the moving defendants confirms this

understanding.  Compare plaintiffs' counterclaims, Doc. No. 27-2
with plaintiffs' amended complaint, Doc. No. 5 (generally
alleging discrimination based on race, religion, and age; injury
as a result of poor maintenance and repair of the home; injury
as a result of unsafe housing conditions; that plaintiffs were
taken advantage of by the Pineville Church of God; and that
Pastor Gray improperly showed the home and managed the real
estate).  As such, the third element has been met.

### d. Full and Fair Opportunity to Litigate

In plaintiffs' very brief response to the moving
defendants, they make essentially one argument without citation
to any legal authority.  Namely, they contend that they did not
have a full and fair opportunity to litigate their claims in the
state case.  Doc. No. 55.  In support of their contention,
plaintiffs attach the transcript of the bench trial held in the
Wyoming County Circuit Court case.  Doc. No. 55-1.  A review of
the transcript reveals that plaintiffs were given ample
opportunity to make out their case.  Their failure to do so does
not mean they did not have the opportunity to do so.  At the
hearing, Judge McGraw clearly instructed Mrs. Richardson that
she "will then be allowed to call [her] witnesses to tell [her]
side of the story."  Id. at 6.  Mrs. Richardson acknowledged
that she had "to prove my countersuit."  Id. at 15.  The
transcript further reveals that plaintiffs had every opportunity

11

to cross-examine witnesses put on by the Pineville Church of God.  At no time during cross-examination did Mrs. Richardson delve into the counterclaims.  Neither did she address the counterclaims when asking questions of the Richardsons' only witness, John Stephens.  Plaintiffs simply failed to produce any evidence at the bench trial to support their counterclaims. Having failed to present any such evidence, Mrs. Richardson agreed on the record that she was ready to submit the case for the court's consideration.  Id. at 66.  After Judge McGraw orally announced his decision, Mrs. Richardson questioned him about the counterclaims to which Judge McGraw responded that they would be dismissed.  Id.  The court recognizes that plaintiffs were pro se in the state court proceedings.  However, there is no pro se exception to res judicata.  See Depaz v. Home Loan Servs., Inc., 2011 WL 1630323, at *3 (D. Md. Apr. 28, 2011)("[T]his Court cannot carve out a categorical pro se exception to the well-established rule of claim preclusion.").

To be sure, the state court's treatment of the counterclaims was cursory.  There is no elaboration in the Final Order other than the brief statement that "the Defendants' [plaintiffs here] Counterclaim if (sic) hereby DISMISSED." However, this is likely a product of there being no evidence presented by the Richardsons to support their counterclaims.  It is hardly expected that a court would give anything but short

12

shrift to claims not based on any evidence.  Furthermore, to the extent that the dismissal of plaintiffs' counterclaims in the Wyoming County action was based on a faulty or legally dubious rationale, their remedy was an appeal in the state court system. Defendants have indicated that plaintiffs did not appeal, and plaintiffs have provided no information to contradict that contention.  Error correction is properly a function of appellate courts, not one to be taken up in a collateral matter. See Gahr v. Trammel, 796 F.2d 1063, 1070 (8th Cir. 1986)(holding that the failure to appeal an adverse state court decision will lead to federal preclusion on the same claims).  Having not availed themselves of the full procedures available under state law, plaintiffs cannot now profess that such procedures were not full or fair.  See Kremer v. Chem. Const. Corp., 456 U.S. 461, 485 (1982)("The fact that [plaintiff] failed to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy.").  Plaintiffs had a full and fair opportunity to litigate their claims.

As the West Virginia Supreme Court of Appeals stated over a century ago,

> It is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits, if they had presented all their evidence, and the court had properly understood the facts, and correctly applied the law to the facts. If either party fails to present all his evidence, or mismanages his case,

or afterwards discovers additional evidence, or if the court itself decides erroneously, nevertheless the judgment or decree, until vacated or corrected by appeal, or in some other appropriate manner, is as conclusive upon the parties as though all such legitimate and incidental matters had been litigated, and the controversy settled in accordance with the principles of abstract justice

Sayre's Adm'r v. Harpold, 11 S.E. 16 (W. Va. 1890).

## IV.  Conclusion

The claims in this action made against the Church of God, the Pineville Church of God, Wayne Wicker, Roy Norman Gray, Gene Harris, David Harris, Terry Smith, and Lydge Burns are barred by the doctrine of res judicata.  Nothing in this Memorandum Opinion and Order affects the remaining defendants – Pat Armstrong, Kathy Zaferatos, Jerry Zaferatos, and Zaferatos, LLC.[2]

For the reasons expressed above, the court GRANTS plaintiffs' motion to extend time to file a response (Doc. No. 51), and GRANTS the motions to dismiss of defendants the

---

[2] The Zaferatos defendants moved to dismiss this action for reasons other than res judicata (Doc. No. 25).  They did, however, raise res judicata as a defense to the claims against them for the first time in their reply brief (Doc. No. 62). "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." Clawson v. FedEx Ground Package Sys., Inc., 451 F. Supp. 2d 731, 734 (D. Md. 2006).  The reason behind this is sound "as doing so would deny the party opposing the motion an opportunity to respond." Short v. Walls, Civil Action No. 2:07-00531, 2009 WL 914085, *8 (S.D.W. Va. Mar. 31, 2009).  For this reason, the court declines to consider whether res judicata bars the claims against the Zaferatos defendants.

Pineville Church of God, Roy Norman Gray, Gene Harris, Lydge Burns, Terry Smith, Wayne Wicker, the Church of God International, and David Harris (Doc. Nos. 23, 27, 29, 33, and 43).  As to these defendants, this action is dismissed.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 22nd day of August, 2014.

Enter:

David A. Faber
Senior United States District Judge