```
              UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

TERESA RICHARDSON, et al.,

    Plaintiffs,
v.                                  Civil Action No. 1:13-cv-21821

THE CHURCH OF GOD INTERNATIONAL,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' Kathy Zaferatos, Jerry Zaferatos, and Zaferatos, LLC ("Zaferatos defendants") motion to dismiss (Doc. No. 25). For the reasons stated herein, the motion is denied.

On August 14, 2013, plaintiffs Teresa Richardson, Harold Richardson, and John Stevens filed a complaint in this court against The Church of God International. Doc. No. 4. On October 16, 2013, plaintiffs filed an amended complaint, adding additional defendants Pat Armstrong, Lydge Burns, David Harris, Gene Harris, the Pineville Church of God, Roy Norman Gray, Terry Smith, Wayne Wicker, Kathy Zaferatos, Jerry Zaferatos, and Zaferatos, LLC. Doc. No. 5. The dispute centers around plaintiffs' land sale transaction and tenancy with the Pineville

Church of God.[1]  Plaintiffs have asserted violations of civil rights laws, fraud, breach of contract, and personal injury resulting from uninhabitable conditions, among other claims.

Relevant to the present motion, plaintiffs allege their real estate agent Pat Armstrong was employed by Zaferatos, LLC, and was under the direction and control of Kathy and Jerry Zaferatos at all times relevant to this action.  Doc. No. 5 at 3, ¶¶ 8-11.  Plaintiffs allege the Zaferatos defendants are vicariously liable for the actions of their alleged agent, Armstrong.  Doc. No. 5 at 32-34, ¶¶ 168, 182, 189.

Independently, all of the defendants except Pat Armstrong filed motions to dismiss.  The majority of these motions asserted the doctrines of res judicata and collateral estoppel.  Doc. Nos. 23, 27, 29, 33, 43.  By Memorandum Opinion and Order entered on August 22, 2014, the court granted these motions.  Doc. No. 99.  Not included in the pool of defendants that moved to dismiss pursuant to res judicata and collateral estoppel were the Zaferatos defendants.  Rather, they filed a motion to dismiss contending that Zaferatos, LLC is an improper party and more generally that the Zaferatos defendants had no involvement in the transaction underlying this dispute.  Doc. No. 25.

---

[1] A more detailed factual background can be found in this court's Memorandum Opinion and Order entered on August 22, 2014.  Doc. No. 99.

2

In support of their motion to dismiss, the Zaferatos defendants first contend that they are improperly named parties because "Plaintiffs have incorrectly alleged that Zaferatos, LLC is doing business as Zaferatos Real Estate." Doc. No. 26 at 2. Second, the Zaferatos defendants contend they should not be held vicariously liable for Armstrong's actions because they had "[no] involvement in or knowledge of Armstrong's involvement with the Plaintiffs." Doc. No 26 at 3. The Zaferatos defendants concede that Armstrong was previously employed by defendants as an independent contractor, but deny any allegations claiming Armstrong was an agent of the Zaferatos defendants at any time during the plaintiffs' dealings with Armstrong or the Pineville Church of God. Id. Defendants have attached affidavits of Kathy and Jerry Zaferatos in support of their motion. Doc. Nos. 25-1 and 25-2.

In response to the Zaferatos defendants' contentions, plaintiffs allege that the Zaferatos defendants must have been Armstrong's direct supervisor according to the provisions of the West Virginia Real Estate Licensing Act, which provides in pertinent part, "[e]very person holding an associate broker's or salesperson's license under the provisions of this article shall [] conduct real estate brokerage activities only under the direct supervision and control of his or her employing broker, which shall be designated in the license certificate." Doc. No.

3

57 at 3 (quoting W.Va. Code § 30-40-17). Plaintiffs also attach the "Contract to Purchase Real Estate" agreement, signed by plaintiffs. Doc. No. 57-1. That contract contains a "Zaferatos Real Estate" letterhead, and within the document, Zaferatos Real Estate is handwritten-in as the broker. Id. at 1; 2, ¶ 83. This is the only physical document that directly links the Zaferatos defendants to the transaction that occurred between plaintiffs and the Pineville Church of God. The only other connection plaintiffs have with the Zaferatos defendants is via Armstrong who was allegedly acting as a real estate agent employed by Zaferatos Real Estate.

    The arguments raised by the Zaferatos defendants in their motion to dismiss present factual matters not capable of resolution on a motion to dismiss. Further, the court declines to convert the motion to dismiss into one for summary judgment. There are two requirements for such a conversion. First, all parties must "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment"; and second, the parties must "be afforded a reasonable opportunity for discovery." Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt., 721 F.3d 264, 281 (4th Cir. 2013)(internal quotations and citations omitted). These requirements are not present here. As such, the Zaferatos defendants' motion to dismiss (Doc. No. 25) is DENIED.

4

The Clerk is directed to send a copy of this Memorandum Opinions and Order to all counsel of record.

IT IS SO ORDERED this 11th day of September, 2014.

                                                Enter:

                                                David A. Faber
                                                Senior United States District Judge