IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TERESA RICHARDSON, et al.,

      Plaintiffs,

v.                          Civil Action No: 1:13-21821

THE CHURCH OF GOD INTERNATIONAL,
et al.

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court are the motions for summary judgment filed by the remaining defendants in this matter, as well as plaintiffs' motion to strike or dismiss the Zaferatos defendants' defenses.[1] (Doc. Nos. 123, 126, 144). For the reasons stated herein, plaintiff Harold Richardson is **DISMISSED** from this action, defendant Armstrong's motion for summary judgment is **GRANTED in part** and plaintiffs' remaining claims are **DISMISSED** for lack of subject matter jurisdiction.

---

[1] Also pending before the court is defendant Armstrong's motion to file an out of time motion for summary judgment, filed one day after the due date for submission of dispositive motions. (Doc. No. 125). For good cause shown, the motion is **GRANTED**.

I.    **Factual and Procedural Background**

In November 2009, plaintiffs Harold Richardson and John Stephens entered into a contract with defendants Gene Harris, Terry Smith, and Lydge Burns, as trustees of defendant Pineville Church of God, to purchase property.  (Doc. No. 114 at 4). Plaintiffs engaged defendant Pat Armstrong to act as their real estate agent.  Id. at 5.  Plaintiffs agreed to purchase the property for the sum of $82,000, and the closing was to be held on or before December 19, 2009.  Id.  Plaintiffs were permitted to move into the home on the property prior to closing for an agreed rent of $600 per month while they sought to secure financing.  Id. at 5-6.  The planned closing never occurred and plaintiffs continued to live on the property on a month-to-month basis, paying $600 per month in rent.  Id. at 5.

Eventually plaintiffs stopped paying rent, and the Pineville Church of God filed an eviction proceeding against Harold Richardson, Teresa Richardson, and John Stephens in the Magistrate Court of Wyoming County on or about September 30, 2011.  The action was removed to the Circuit Court of Wyoming County where plaintiffs (defendants at the time) filed a counterclaim.  They asserted multiple claims including retaliation, racial discrimination, health or safety violations, and intentional infliction of emotional distress, all of which

2

allegedly resulted from their dealings with the defendants. (Doc. No. 33-1 at 4-7).

Judge Warren McGraw of the Wyoming County Circuit Court held a bench trial on March 12, 2012.  Plaintiffs represented themselves throughout the course of the state proceedings.  By Final Order entered on March 22, 2012, Judge McGraw granted the Pineville Church of God's motion for eviction and dismissed the counterclaims brought by plaintiffs.  Id. at 1-3.  The court found that plaintiffs breached the contract to purchase real estate, and that they owed rent for the months of June 2011 through March 2012.  Id.  Plaintiffs were further ordered to vacate the premises within 60 days.  Id.

From the beginning of the transaction to purchase the property through plaintiffs' ultimate eviction, plaintiffs allege a multitude of nefarious, discriminatory, and illegal actions on the part of their real estate agent Pat Armstrong, Armstrong's alleged employer Zaferatos Real Estate, and Jerry and Kathy Zaferatos.[2]  See Doc. No. 114 at 4-35.  These alleged actions form the basis of the instant action.

---

[2] Plaintiffs also made similar allegations against a number of other defendants associated with the Pineville Church of God. The court dismissed these defendants on August 22, 2014, finding that res judicata precluded plaintiffs' claims.  (Doc. No. 99).

II.     **Governing Law**

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, a reasonable juror could return a verdict for the non-movant. Id.

The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991). If the moving party meets its burden, then the non-movant must set forth specific facts that would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23.

III.    <u>Analysis</u>

    A.  **Dismissal of Plaintiff Harold Richardson**

Initially, the court notes that plaintiff Harold Richardson died during the pendency of this litigation.  On March 28, 2016, the remaining plaintiffs, Teresa Richardson and John Stephens, filed a notice of their appointment as co-executors of Mr. Richardon's estate.  (Doc. No. 143).  Plaintiffs attached a copy of the decedent's death certificate to their notice, along with a copy of an Order from the Circuit Court for the City of Danville, Virginia, appointing them together as administrators of the decedent's estate.  <u>Id.</u>  Plaintiffs also included a certificate of service, indicating that they served the notice upon counsel for the remaining defendants.  <u>Id.</u>

Federal Rule of Civil Procedure 25 outlines the process the parties and the court must undertake when a party dies during the pendency of the action.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  Most courts have held that the party filing the "statement noting the death" or "suggestion of death" must be a representative of a decedent's estate or another party to the action, rather than the decedent's attorney.  See <u>Woodson</u>

5

v. City of Richmond, Civil Action No. 3:13cv134, 2014 WL
7462509, at *2 (E.D. Va. Dec. 31, 2014); Kessler v. Se.
Permanente Med. Grp. of N.C., 165 F.R.D. 54, 56 (E.D.N.C. 1995).
And, while the Rule does not explicitly state the necessary
contents of a "statement noting death," Form 9 of the Federal
Rules provides a general outline:

> In accordance with Rule 25(a) *name the person*, who is [a
> party to this action] [a representative of or successor
> to the deceased party] notes the death during the
> pendency of this action of *name*, [*describe as party* in
> this action].

While the remaining plaintiffs' notice does not follow Form
9 exactly, the court finds that their notice qualifies as a
statement noting the death of plaintiff Harold Richardson.  The
notice indicated the passing of Harold Richardson and included
Mr. Richardson's death certificate.  The notice stated that the
two remaining plaintiffs, Teresa Richardson and John Stephens,
had been appointed as co-executors of his estate and provided a
copy of the order appointing them to serve in this capacity.
And, finally, the notice was filed by a representative of the
decedent's estate, rather than an attorney, and was served upon
all of the parties.

Because plaintiffs' notice qualifies as a "statement noting
death" within Rule 25, the filing commenced the 90-day
substitution period allowed under the Rule.  The remaining
plaintiffs filed their notice on March 28, 2016, meaning their

motion for substitution was due on or before June 26, 2016.  To
date, neither Ms. Richardson nor Mr. Stephens have filed a
motion for substitution as required under Rule 25(a)(1).  As a
result, the court must dismiss Harold Richardson from this
action.

### B.   Section 1985 and Intentional Infliction of Emotional Distress Claims Against Defendant Armstrong

Upon review of the record, the court finds that defendant
Armstrong is entitled to summary judgment on plaintiffs' section
1985 and intentional infliction of emotional distress claims
pursuant to the doctrine of res judicata.[3]  It is well settled
that "[t]he Full faith and Credit Act, 28 U.S.C. § 1738, . . .
requires the federal court to 'give the same preclusive effect
to a state-court judgment as another court of that State would
give.'"  Exxon Mobil Corp. v. Saudi Basic Undus. Corp., 544 U.S.
280, 293 (2005)(citing Parsons Steel, Inc. v. First Ala. Bank,
474 U.S. 518, 523 (1986)).  As such, in determining what
preclusive effect to give to the West Virginia judgment in this

---

[3] The court notes that its analysis is similar to that provided
in its Memorandum Opinion and Order granting the motions to
dismiss submitted by the defendants associated with the
Pineville Church of God.  See Doc. No. 99.  However, defendant
Armstrong did not submit a motion to dismiss pursuant to Rule
12(b)(6), but instead answered plaintiffs' complaint claiming
res judicata as an affirmative defense.  (Doc. No. 38).  As a
result, the court has not previously analyzed the preclusive
effect of res judicata as it relates to plaintiffs' claims
against defendant Armstrong.

matter, the court is bound by the res judicata rules that a West Virginia court would apply.

In West Virginia, the doctrine of res judicata or claim preclusion "generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating issues that were decided or the issues that could have been decided in the earlier action." Beahm v. 7 Eleven, Inc., 672 S.E.2d 598, 601-02 (W. Va. 2008) (quoting State v. Miller, 459 S.E.2d 114, 120 (W. Va. 1995)).  The doctrine "'protects [] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" Conley v. Spillers, 301 S.E.2d 216, 219 (W. Va. 1983) (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)).  In Blake v. Charleston Area Medical Center, Inc., 498 S.E.2d 41 (W. Va. 1997), the West Virginia Supreme Court of Appeals established a three-part test for determining whether res judicata serves to preclude a claim.

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings.  Second, the two actions must involve either the same parties or persons in privity with those same parties.  Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Id. at 49.  Before a party can be denied access to federal courts because of the preclusive effect of a state court judgment, it must also be established that the party had a "full and fair opportunity" to litigate their claim in the state proceedings.  Allen v. McCurry, 449 U.S. 90, 95 (1980).

      1. Final Adjudication on the Merits

    The first element requries a prior final adjudication on the merits by a court having jurisdiction of the proceedings. By Final Order entered by Judge Warren McGraw of the Wyoming County Circuit Court, plaintiffs' counterclaims were dismissed. (Doc. No. 27-1 at 2).  This order came after a full hearing on the matter in which the parties were permitted to call witnesses and produce evidence in support of their claims and counterclaims.  The court properly exercised jurisdiction over the proceedings.  Therefore, the first element is satisfied.

      2. Same Parties or Persons in Privity with those Parties

    Second, the state court action must involve either the same parties or persons in privity with those parties.  This element is primarily concerned with assuring fairness towards the party or parties against whom res judicata is raised.  "[T]he concept of privity with regard to the issue of claim preclusion is difficult to define precisely but the key consideration for its existence is the sharing of the same legal right by parties

9

allegedly in privity, so as to ensure that the interests of the party against whom preclusion is asserted have been adequately represented." W. Va. Human Rights Comm'n et al. v. Esquire Grp., Inc., 618 S.E.2d 463, 469 (W. Va. 2005). The Supreme Court of Appeals of West Virginia has utilized the doctrine of "virtual representation" whereby "'relitigation of any issue that [has] once been adequately tried by a person sharing a substantial identity of interests with a nonparty'" is precluded. Beahm, 672 S.E.2d at 602 (quoting Galanos v. Nat'l Steel Corp., 358 S.E.2d 452, 454 (W. Va. 1987). "[T]he privity concept is fairly elastic under West Virginia law, as elsewhere." Gribben v. Kirk, 466 S.E.2d 147, 157 n.21 (W. Va. 1995).

In this case, the parties against whom the defense of res judicata is raised had their interests adequately represented in the state court action. The plaintiffs in this matter – Teresa Richardson, Harold Richardson, and John Stephens – were all parties to the state court action. See Doc. No. 27-1. As defendants in the state unlawful detainer action, they brought counterclaims against the Pineville Church of God, claims which the court dismissed. Therefore, the primary concern of the privity requirement is met.

Furthermore, defendant Armstrong shares a substantial identity of interests with the Pineville Church of God, the only

defendant named in plaintiffs' state court counterclaim.  In the state court action, plaintiffs alleged that they were discriminated against in violation of their civil rights, the same allegations they raise here.  Plaintiffs have not shown that the legal interests of the Pineville Church of God and their associates differ from defendant Armstrong in any way. Instead, plaintiffs' complaint affirms the defendants' shared legal interest, alleging that they colluded to discriminate against plaintiffs.  See Doc. No. 114 at p. 21.  Therefore, the Church "virtually represented" defendant Armstrong when it defended against plaintiffs' claims of discrimination in the state court case.  As a result, privity exists between defendant Armstrong and the Church and the second factor is satisfied.

### 3. Identical Causes of Action

Finally, the causes of action against defendant Armstrong are identical to those in the counterclaim or they are such that they could have been resolved had they been presented.  A cause of action consists of "the fact or facts which establish or give rise to a right of action."  Blake v. Charleston Area Med. Ctr., Inc., 498 S.E.2d 41, 48 (W. Va. 1997) (quoting White v. SWCC, 262 S.E.2d 752, 756 (W. Va. 1980)).  When the claims are not identical, the "same evidence" test applies to determine "whether two claims should be deemed to be the same for purposes

11

of claim preclusion." Slider v. State Farm Mut. Auto Ins. Co.,
557 S.E.2d 883, 888 (W. Va. 2001).

There appears to be no dispute among the parties that
plaintiffs' complaint presents the same claims as those
previously litigated in the state court action.  Indeed,
plaintiffs never argue that the substance of the claims is
different nor that they would involve different evidence.  In a
letter sent to then Magistrate Judge VanDervort, plaintiffs'
former counsel stated that "if you look at the Richardsons'
counterclaims in their Wyoming County case filed years before we
met, and their claims in federal court, they are virtually the
same, just researched and polished a little better as you would
expect for federal court." (Doc. No. 50 at 4).  He added that
plaintiffs were pursuing "the admittedly very same claims." Id.
A review of the state case counterclaims and plaintiffs' section
1985 and intentional infliction of emotional distress claims
confirms this understanding.  Compare plaintiffs' counterclaims,
Doc. No. 27-2 with plaintiffs' revised second amended complaint,
Doc. No. 114 (generally alleging discrimination based on race,
religion, and age and that plaintiffs were taken advantage of by
the Pineville Church of God and those associated with the
church).  Therefore, the third element has been met with regard
to plaintiffs' section 1985 and intentional infliction of
emotional distress claims.

4. <u>Full and Fair Opportunity to Litigate</u>

A review of the transcript in plaintiffs' state court bench trial reveals that plaintiffs were given ample opportunity to make their case.  Their failure to do so does not mean that they did not have the opportunity to do so.  At the hearing, Judge McGraw clearly instructed Ms. Richardson that she would "be allowed to call [her] witnesses to tell [her] side of the story."  <u>Id.</u> at 6.  Ms. Richardson acknowledged that she had "to prove [her] countersuit."  <u>Id.</u> at 15.  The transcript further reveals that plaintiffs had every opportunity to cross-examine witnesses put on by the Pineville Church of God.  At no time during cross-examination did Ms. Richardson delve into the counterclaims.  Neither did she address the counterclaims when questioning the Richardsons' only witness, John Stephens. Plaintiffs simply failed to produce any evidence at the bench trial to support their counterclaims.  Though she failed to present any such evidence, Ms. Richardson agreed on the record that she was ready to submit the case for the court's consideration.  <u>Id.</u> at 66.  After Judge McGraw orally announced his decision, Ms. Richardson questioned him about the counterclaims, to which Judge McGraw responded that they would be dismissed.  <u>Id.</u>  The court recognizes that plaintiffs were pro se in the state court proceedings and are currently proceeding pro se.  However, there is no pro se exception to res

judicata.  See <u>Depaz v. Home Loan Servs., Inc.</u>, 2011 WL 1630323,
at *3 (D. Md. Apr. 28, 2011) ("[T]his Court cannot carve out a
categorical pro se exception to the well-established rule of
claim preclusion.").

     To be sure, the state court's treatment of the
counterclaims was cursory.  There is no elaboration in the Final
Order other than the brief statement that "the Defendants'
[plaintiffs here] Counterclaim if (sic) hereby DISMISSED."
However, this is likely a product of plaintiffs' failure to
present evidence to support their counterclaims.  It is hardly
expected that a court would give anything but short shrift to
claims totally lacking an evidentiary basis.  Furthermore, to
the extent that the dismissal of plaintiffs' counterclaims in
the Wyoming County action was based on a faulty or legally
dubious rationale, plaintiffs' remedy was an appeal in the state
court system, which they apparently chose not to file.  Having
failed to avail themselves of the full procedures available
under state law, plaintiffs cannot now profess that such
procedures were not full or fair.  See <u>Kremer v. Chem. Const.
Corp.</u>, 456 U.S. 461, 485 (1982) ("The fact that [plaintiff]
failed to avail himself of the full procedures provided by state
law does not constitute a sign of their inadequacy.").
Accordingly, the court finds that plaintiffs had a full and fair
opportunity to litigate these issues in state court and, as a

result, res judicata bars their section 1985 and intentional infliction of emotional distress claims.  Therefore, summary judgment in favor of defendant Armstrong is appropriate on these two claims.

### C.   Dismissal of Plaintiffs' Remaining Claims

With the entry of summary judgment in favor of defendant Armstrong on plaintiffs' civil rights claim, the only pending claims before the court arise under state law.  The court originally exercised subject matter jurisdiction over the case pursuant to federal question jurisdiction over plaintiffs' discrimination and civil rights claims and supplemental jurisdiction over plaintiffs' state law claims.  See 28 U.S.C. §§ 1331, 1367.  With the dismissal of plaintiffs' federal question claims, the court no longer has a jurisdictional hook by which to hear plaintiffs' remaining state law claims.

Federal courts are courts of limited jurisdiction and, as this court has noted before, a federal district court must continually re-evaluate the alleged basis for its jurisdiction throughout the course of any litigation.  Fleeman v. Toyota Motor Sales, U.S.A., Inc., 288 F. Supp. 2d 726, 728 (S.D.W. Va. 2003).  This is a continuing duty and the issue of subject matter jurisdiction may be reviewed by the court sua sponte. Id.

In cases such as this, where the court dismisses a party's federal claims before trial, leaving only state claims for adjudication, the preferred course of action is dismissal of the state claims.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); see also Fleeman, 288 F. Supp. 2d at 729; McGann v. Mungo, 578 F. Supp. 1413, 1416 (D.S.C. 1982).  As the Supreme Court of the United States noted in United Mine Workers of America v. Gibbs, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surefooted reading of applicable law."  383 U.S. at 726.

Under Fourth Circuit precedent, "district courts enjoy 'wide latitude' when deciding whether to exercise supplemental jurisdiction in an action."  Peter Farrell Supercars, Inc. v. Monsen, 82 F. App'x 293, 297 (4th Cir. 2003) (citing Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995)).  When making this determination, courts should consider the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  Shanaghan, 58 F.3d at 110 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

16

Upon review of these factors, the court finds that the exercise of supplemental jurisdiction over plaintiffs' remaining state law claims is unwarranted.  Plaintiffs will be free to pursue their remaining claims in state court, a result that is not unfair to the parties and takes into account the court's limited resources as well as issues of comity and federal policy.  As a result, the court **ORDERS** dismissal of the remaining claims against defendant Armstrong and all claims against the Zaferatos defendants.

## IV.     Conclusion

For the reasons expressed above, the court **DISMISSES** plaintiff Harold Richardson, **GRANTS** summary judgment in favor of defendant Pat Armstrong, (Doc. No. 126), on plaintiffs' section 1985 and intentional infliction of emotional distress claims, and **DISMISSES** plaintiffs' remaining claims against defendant Armstrong and the Zaferatos defendants.

The Clerk is **DIRECTED** to remove this matter from the court's docket and to send copies of this Memorandum Opinion and Order to all counsel of record and to plaintiffs, pro se.

**IT IS SO ORDERED** this 7th day of July, 2016.

Enter:

David A. Faber
Senior United States District Judge